### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| ISRAEL BARRON, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:25-CV-00167 (WLS) |
| : | |
| STATE FARM FIRE AND : | |
| CASUALTY COMPANY : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 12). Plaintiff asks the Court to Order the above-styled action, in its entirety, remanded to the Superior Court of Tift County, Georgia wherein the action was originally filed on the grounds that the Court lacks diversity subject matter jurisdiction. (Doc. 12). Defendant did not respond to Plaintiff's motion. However, the Defendant did assert in its response to the Court's Show Cause Order (Doc. 5) that it believes the amount in controversy exceeds $75,000. (Doc. 9). But Plaintiff stipulates he "will not seek, request, or accept an award of damages in this action in excess of $74,999." (Doc. 12 at 2).

Plaintiff moves the Court to remand their claims to the Superior Court of Tift County Georgia contending that the Court lacks jurisdiction to hear the claims. (*See* Doc. 12). Federal courts are courts of limited jurisdiction. District courts may hear cases only in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Generally, a defendant may remove a civil action in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1447(c), however, the Court must remand any action in which the Court lacks subject matter jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court, "because removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)).

Congress has granted federal district courts jurisdiction to hear cases between citizens of different States and which involve an amount in controversy exceeding $75,000 excluding costs. 28 U.S.C. § 1332. "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). Because Plaintiff stipulates that damages do not exceed $75,000, the allegations and briefing make it clear to a legal certainty that the claim is really for less than the jurisdictional amount. Other than a bare assertion, Defendant neither presents nor points to evidence to the contrary. Further, Defendants do not challenge or question Plaintiff's stipulation to the amount in controversy.

For the reasons explained above, Plaintiff's Motion (Doc. 12) is **GRANTED**. The above-styled action is **REMANDED** in its entirety to the Superior Court of Tift County, Georgia. The Court further finds that in view of the above finding, the Court need not further consider the Court's Show Cause (Doc. 5) order or Defendant's response thereto in that it is now moot.

**SO ORDERED**, this 13th day of January 2026.

                                                     /s/ W. Louis Sands
                                                    **W. LOUIS SANDS, SR. JUDGE**
                                                    **UNITED STATES DISTRICT COURT**